UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

UNITED STATES OF AMERICA,

    Petitioner,

v.

BOCA VIEW CONDOMINIUM ASSOCIATION, INC.,
DIANA KUKA, PRESIDENT,
ROSE WATKINS, ADMINISTRATOR,
POINTE MANAGEMENT GROUP, INC., and
ERIC ESTEBANEZ, PROPERTY MANAGER

    Respondents.
_____/

## PETITION TO ENFORCE SUBPOENAS ISSUED BY THE UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT

Petitioner, United States of America, respectfully requests that this Court issue an Order directing the Respondents, Boca View Condominium Association, Inc. ("the Association"); Diana Kuka, President; Rose Watkins, Administrator; Pointe Management Group, Inc.; and Eric Estebanez, Property Manager (collectively, "Respondents") to produce documents requested pursuant to five Administrative Subpoenas *Duces Tecum* issued by the United States Department of Housing and Urban Development ("HUD"). This Petition is made pursuant to 42 U.S.C. § 3614(c).

In support of this Petition, the United States of America states as follows:

### Parties

1.    Petitioner is the United States of America.

2. Respondent Boca View Condominium Association, Inc. ("the Association") operates Boca View Condominium, which is located at 1000 Spanish River Road, Boca Raton, Florida 33444.

3. Diana Kuka is, and at all times mentioned herein has been, the President of the Association.

4. Rose Watkins is, and at all times mentioned herein has been, the Administrator of the Association.

5. Pointe Management Group, Inc. is, and at all times mentioned herein has, managed Boca View Condominium.

6. Eric Estebanez is, and at all times mentioned herein has been, the Property Manager at Boca View Condominium.

## Jurisdiction

7. This Court has jurisdiction over this action under 42 U.S.C. § 3614(c), which provides that the Attorney General, on behalf of the Secretary of HUD, may enforce an administrative subpoena issued by HUD, pursuant to the Fair Housing Act, 42 U.S.C. §§ 3601-3619.

8. Venue is proper in this Court under 28 U.S.C. § 1391(b). Venue is also proper under 42 U.S.C. § 3614(c), which provides that an action to enforce an administrative subpoena issued by HUD may be brought "in appropriate proceedings in the United States district court for the district in which the person to whom the subpoena was addressed resides, was served, or transacts business."

9. The subject subpoenas were served on Respondents on March 24, 2021.

**Statutory Background**

10. HUD is the federal agency charged with the administration and enforcement of Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 ("Fair Housing Act"). 42 U.S.C. §§ 3601-19. HUD is responsible for, *inter alia,* investigating complaints of unlawful housing discrimination. 42 U.S.C. §§ 3610 and 3611; 24 C.F.R. § 103.200. In connection with such investigations, the Secretary of HUD, or her designee, may issue subpoenas, pursuant to 42 U.S.C. § 3611(a); 24 C.F.R. § 103.215(b); 76 Fed. Reg. 73984, 73984 (Nov. 29, 2011) (delegation of authority from Secretary to Assistant Secretary for Fair Housing and Equal Opportunity); 76 Fed. Reg. 73990, 73990 (Nov. 29, 2011) (redelegation of authority from Assistant Secretary to Region Directors).

11. Title 42 U.S.C. § 3614(c) authorizes the Attorney General to seek judicial enforcement of administrative subpoenas issued by HUD through the initiation of appropriate proceedings before the United States district courts.

**Factual Background**

12. HUD initiated an investigation of Boca View Condominium based upon a HUD complaint dated May 19, 2020, filed by Greta Tremmel against Respondents (FHEO No. 04-20-1868-8).

13. Ms. Tremmel owned a condominium unit in Boca View Condominium that she allegedly attempted to rent on April 24, 2020, to Jennifer Piraino.[1] However, according to Ms. Tremmel, Respondents refused to allow her to rent the unit to Ms. Piraino.

14. The Declaration of Condominium of Boca View Condominiums requires that the Board of Directors of the Association or its officers or agents "approve in writing all leases, subleases or

---

[1] On April 7, 2021, Ms. Piraino filed her own Fair Housing discrimination complaint with HUD.

other occupation of a Unit before lease, sublease or occupation shall be valid and effective." *See attached*, *Declaration of Condominium of Boca View Condominiums*, (Exh. A, para.14(a)).

15. Ms. Tremmel's complaint alleges that Respondents refused to allow the rental because Ms. Piraino worked as an ICU nurse and she was regarded as having a disability (or was associated with persons with a disability) due to Respondents' perception that healthcare workers risk exposure to COVID-19. The refusal, Ms. Tremmel alleges, violated the Fair Housing Act's prohibition against discrimination because of disability, 42 U.S.C. § 3604(f)(1) and (f)(2).

16. Respondents deny Ms. Tremmel's allegations. According to Respondents, they refused to allow any new rentals, placed restrictions on sales, and did not permit anyone to move in or out of the condominium building. Respondents state that in order to protect the safety and health of their residents during the COVID-19 pandemic, the Board of Directors exercised emergency powers and "enacted additional restrictions related to non-essential visitors, use of amenities, sales and leases and moving in and out of the property." *See attached, Respondent's Second Amended Motion for Protective Order And To Quash Subpoenas,* (Exh. B, p. 2).

### HUD Informal Requests for Information

17. In order to investigate these allegations, pursuant to its authority under 42 U.S.C. § 3610(a) and 24 C.F.R. § 103.215(a), HUD made repeated requests from November 2020 to March 2021 for records related to rentals and sales at Boca View Condominium between March 2020 and November 2020. Respondents refused to produce the requested records. The information sought by the subpoenas is necessary to determine whether reasonable cause exists to believe Respondents discriminated against Complainant because of disability when they failed to process Ms. Piraino's rental application.

18. In its first request for information, on November 9, 2020, HUD asked for a list of all tenants who had moved into the property between March 15, 2020 and November 9, 2020. *See attached, Email*, (Exh. C).

19. On November 17, 2020, Respondents declined to produce the list, asserting that the Association was prohibited by law from disclosing information obtained during the leasing process. *See attached Email*, (Exh. D). Respondents further stated that they had no responsive information during that period because shelter-in-place orders were in effect for the state, County of Palm Beach, and City of Boca Raton. *Id.*

20. On December 29, 2020, Respondents submitted a follow-up email to their November 17th response, adding that HUD's request for sale and lease information after July 1, 2020 was irrelevant to the allegations in Ms. Tremmel's Complaint. *See attached Email*, (Exh. E).

21. On January 8, 2021, HUD sent Respondents a Document Request seeking, among other things, copies of rental or sales applications from March 1, 2020 to January 8, 2021 and a list of all applicants who sought to rent or purchase Boca View Condominium units during that period. *See attached Email,* (Exh. F).

22. On January 15, 2021, in their response to the Document Request, Respondents reiterated their objections and did not produce the requested copies of rental or sales applications and a list of all applicants who sought to rent or purchase units at Boca View Condominiums during that period. *See attached, Response to Document Request*, (Exh. G).

23. On January 25, 2021 and February 3, 2021, HUD repeated its requests for copies of the rental or sales applications and a list of all applicants, as well as a new request for Board meeting minutes from March 1, 2020 – November 23, 2020. *See attached Emails*, (Exh. H and Exh. I).

24. On February 10, 2021, Respondents refused to produce the documents, reiterating that Fla. Stat. § 718.111(12) prohibited disclosing any information regarding sales or lease activity, noting that sales are not part of the HUD complaint, and stating that the meeting minutes are only available to owners for inspection and have no relevance to the complaint. *See attached Email*, (Exh. J).

## HUD Subpoenaed Information

25. In light of Respondents' failure to provide the requested information, on March 24, 2021, HUD served identical subpoenas via email on each Respondent, as agreed to by Respondents' Attorney, which commanded Respondents to provide the following:

1. Provide a copy of all rental and sales applications for all dwelling units in Boca View Condominium submitted, approved, or denied from March 1, 2020 – November 23, 2020.

2. Provide any documents or communications relating to the rental and sales applications referenced in item 1, above, including decisions regarding the processing of those applications from March 1, 2020 – November 23, 2020.

3. Provide minutes of executive board, full board, and membership meetings for January 1, 2020 – November 23, 2020.

*See attached Subpoenas*, (Composite Exh. K).

26. On April 7, 2021, Respondents filed with the HUD Office of Fair Housing and Equal Opportunity ("FHEO") their Second Amended Motion for Protective Order and to Quash Subpoenas objecting to the subpoenas.[2] *See*, (Exh. B). Respondents argued that HUD had failed to meet the elements required to enforce the subpoenas.

27. On July 15, 2021, FHEO issued an Order Denying the Motion for Protective Order and to Quash Subpoenas and ordered Respondents to produce the subpoenaed information

---

[2] Respondents filed a Motion for Protective Order and to Quash Subpoenas on April 6, 2021, subsequently refiling the motion as an Amended Motion on April 6, 2021 and as a Second Amended Motion on April 7, 2021 in order to correct typos and a date.

within 15 days of the date of the Order. *See attached*, (Exh. L).

28. Respondents failed to produce the subpoenaed information as directed by FHEO, and instead filed a Request for a Rehearing of Order Denying Motion for Protective Order and to Quash Subpoenas. *See attached*, (Exh. M). FHEO subsequently denied Respondents' request for rehearing and reiterated its prior order. *See attached*, (Exh. N).

29. On or about August 26, 2021, HUD referred this matter to the Department of Justice to initiate proceedings to obtain Respondents' compliance with the five administrative subpoenas issued pursuant to 42 U.S.C. § 3614(c). Thereafter, the matter was referred to the United States Attorney's Office, Southern District of Florida, to proceed with the filing of the instant petition in the district court.

30. HUD investigators believe that Respondents possess information and/or documents relevant and necessary to HUD's fair housing investigation. Respondents' refusal to provide the requested information and/or documents has denied HUD the ability to obtain information that may support or refute Complainant's allegations and Respondents' defenses.

## Grounds for Relief

31. The Subpoena is proper in all respects.

32. Respondents' objections to the subpoena – e.g., that state law prohibits disclosing the information HUD seeks, that the complaint is non-jurisdictional, and that information sought is irrelevant to the complaint – are not valid bases to refuse to comply with these subpoenas.

33. For the reasons set forth below, the Court should grant the Petition and compel the Respondents to produce the documents requested in the administrative Subpoenas Duces Tecum issued by HUD.

## **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION TO ENFORCE SUBPOENA ISSUED BY HUD**

**I.      *The Court Should Order Respondents to Comply with HUD's Administrative Subpoenas***

A district court's role in a proceeding to enforce an administrative subpoena is limited. *E.E.O.C. v. Tire Kingdom, Inc.*, 80 F.3d 449, 450 (11th Cir. 1996). "[I]nquiry is appropriate only into whether the evidence sought is material and relevant to a lawful purpose of the agency." *EEOC v. Kloster Cruise Ltd.*, 939 F.2d 920, 922 (11th Cir. 1991). Thus, as long as the information sought by the agency is "not plainly incompetent or irrelevant to any lawful purpose of the agency," a court must enforce the subpoena. *Id.*

In determining whether to enforce the administrative subpoena, the district court should consider whether HUD has shown (1) that the investigation is being conducted pursuant to a legitimate purpose, (2) that the inquiry may be relevant to the purpose, (3) that the information sought is not already within HUD's possession; and (4) that the administrative steps required have been followed. *See United States v. Powell*, 379 U.S. 48, 57-58 (1964). HUD bears only a minimal burden to present a prima facie case that its subpoenas meet each of the four *Powell* criteria. *See United States v. Centennial Builders, Inc.*, 747 F.2d 678, 680 (11th Cir. 1984). *See also SEC v. Marin*, 982 F.3d 1341, 1356 (11th Cir. 2001) (SEC satisfied minimal burden required to meet *Powell* criteria in a proceeding to enforce SEC Subpoena).

**A.      *HUD Has Demonstrated A "Legitimate Purpose" For Issuing the Subpoenas***

Here, HUD has clearly established a "legitimate purpose" for issuing the subpoenas. HUD issued the subpoenas pursuant to its authority under the Act to investigate complaints of housing discrimination filed with the agency. *See* 42 U.S.C. §§ 3610, 3611; 24 C.F.R. § 103.200.  In order to investigate such complaints, HUD must obtain (1) "information concerning the events or transactions that relate to the alleged discriminatory housing practice identified in the complaint";

8

(2) document the respondent's policies or practices "involved in the alleged discriminatory housing practice raised in the complaint"; and (3) "develop [the] factual data necessary [to determine] … whether reasonable cause exists to believe that a discriminatory housing practice has occurred or is about to occur..." *See* 24 C.F.R. § 103.200(a). In connection with such investigations, the Secretary of HUD, or her designee, is authorized to issue subpoenas. *See* 24 C.F.R. § 103.215(b). The information requested by HUD from Respondents is "information concerning the events or transactions that relate to the alleged discriminatory practice" identified in this case. *See* 24 C.F.R. § 103.200(a)(1).

Accordingly, because the information HUD seeks is necessary to determine whether reasonable cause exists to believe the Board discriminated against Ms. Tremmel because of disability in violation of the Act, HUD has shown a "legitimate purpose" for issuing the subpoenas.

**B.**     ***HUD's Inquiry is Relevant to the Purpose of the Investigation***

"The measure of relevance used in subpoena enforcement actions is quite broad." *See United States v. Fla. Azalea Specialists*, 19 F.3d 620, 624 (11th Cir. 1994). As long as the information/documents requested by the subpoenas "touches a matter under investigation," the subpoena will survive a relevancy challenge. *Sandsend Fin. Consultants, Ltd. v. Fed. Home Loan Bank Bd.,* 878 F.2d 875, 882 (5th Cir. 1989). In the instant case, Ms. Tremmel's complaint alleges that Respondents discriminated because of disability when they failed to process her prospective tenant's rental application and she was injured by that refusal. The subject HUD administrative subpoenas seek copies of rental and sales applications for all dwelling units submitted, approved, or denied from March 1, 2020 to November 23, 2020; any documents or communications relating to those rental and sales applications, including decisions regarding the processing of those applications from March 1, 2020 – November 23, 2020; and the Board meeting minutes from January 1, 2020 – November 23, 2020.

The information sought by the HUD subpoenas is relevant to evaluating the veracity of Respondents' denials of the allegations in Ms. Tremmel's complaint. Specifically, HUD's request for all sales and lease applications that were submitted, approved, or denied, and information and decisions about their processing, is relevant to Respondents' claims that Respondents did not approve *any* leases or allow *anyone* to move into the property from mid-March 2020 until mid-June 2020. *See*, (Exh. B, pp. 8, 14). Put another way, the manner in which Respondents handled other rental or sales applications during the period is important to determine if Respondents did, indeed, refuse to approve all applications, not just those from persons (such as Ms. Piraino) who were allegedly regarded as having a disability (or associated with persons with a disability). The information contained in the applications themselves will help HUD determine whether anybody had an application approved or was allowed to move into the property during the relevant timeframe. Using the contact information in the applications, HUD can seek to interview the applicants to determine whether their applications were processed and approved or denied. In addition, HUD can determine whether applicants who worked in health-related fields were treated any differently from other applicants. If privacy is a concern, any sensitive financial information or Social Security Numbers can be subject to a protective order. Similarly, HUD's request for meeting minutes is relevant because such minutes may provide information about the genesis of policies and practices related to processing applications generally during Covid-19 and may also indicate information or decisions specific to Ms. Tremmel's prospective tenant's application or other such applications during the relevant time period. This information will help HUD assess Ms. Tremmel's allegations and Respondents' defenses in order for the Department to determination whether there is reasonable cause to believe that discrimination occurred, as required by 42 U.S.C. 3610(g).

Accordingly, since the requested information concerns specific information and/or documents relevant to HUD's investigation of Ms. Tremmel's complaint, the subpoenas at issue should be enforced.

### C. *The Requested Information is not within HUD's Possession*

As fully set forth in paragraph 25 above, HUD seeks from Respondents records related to rentals and sales, including applications, at Boca View, other documents and communications concerning those rentals and sales, and Board meeting minutes during the relevant time period. None of this information is within HUD's possession.

### D. *HUD Followed the Proper Required Administrative Steps*

In accordance with the Act, HUD is required to follow certain administrative procedures following the filing of a fair housing complaint with the agency. These procedures include but are not limited to: (1) providing notice to the respondent of the allegations; (2) investigating the complaint; (3) engaging in a conciliation process, and (4) determining whether reasonable cause exists to believe that a discriminatory housing practice has occurred. *See* 24 C.F.R. pt. 103, *et seq*.

Here, HUD followed the proper administrative steps when investigating Ms. Tremmel's complaint. HUD notified Respondents of the allegations set forth in Ms. Tremmel's complaint. Thereafter, HUD made repeated requests to Respondents' counsel via email from November 2020 to March 2021 in an effort to obtain Respondents' voluntary cooperation to produce the requested information before issuing the subpoenas. However, Respondents refused to produce the requested records. Given Respondents' lack of voluntary cooperation, HUD properly exercised its authority under 24 C.F.R. § 103.215(b) and issued the subpoenas in order to fulfill its mandate to fully investigate the complaint. Respondents objected to the subpoenas and filed a Motion to

Quash and for Protective Orders with FHEO, and subsequently filed a Motion for a Rehearing on the Motion, both of which FHEO denied, ordering compliance with the subpoenas. Respondents have failed to produce the information sought by the subpoenas. Thus, in view of the above, HUD followed the proper administrative steps.

In sum, HUD has met the prima facie requirements for enforcement of the five administrative subpoenas issued to Respondents on March 24, 2021, and therefore the government respectfully requests this Court to issue an order enforcing Respondents' compliance with the subpoenas.

## CONCLUSION

For the foregoing reasons, the five HUD Administrative Subpoenas *Duces Tecum* are proper, and Petitioner respectfully requests that the Court compel Respondents to produce the documents and information requested in Request Nos. 1-3 of the Subpoenas.

**WHEREFORE**, the United States of America respectfully requests enforcement of the Subpoenas as follows:

    a.    That Respondents be ordered to produce the documents and complete responses to the information requested in the Subpoenas within fourteen (14) days after being served with an appropriate Order from this Court; or

    b.    If Respondents fail to produce timely and complete responses, that Respondents be ordered to appear before this Court and show cause why Respondents should not be held in contempt for failing to produce the information ordered by this Court; and

    c.    That the Court grant the United States of America such other and further relief as may be necessary and proper to effectuate the Court's Order.

Dated: January 27, 2022 Respectfully submitted,

**JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY**

By: /s/ *Chantel R. Doakes*
CHANTEL R. DOAKES
Assistant United States Attorney
Florida Bar No: 0118626
United States Attorney's Office
99 N.E. 4th Street, Suite 300
Miami, Florida 33132
Tel. No: (305) 961-9353
Email: Chantel.Doakes@usdoj.gov
*Counsel for United States of America*

By: /s/ *Veronica Harrell-James*
VERONICA HARRELL-JAMES
Assistant United States Attorney
Florida Bar No. 644791
United States Attorney's Office
99 N.E. 4th Street, Suite 300
Miami, Florida 33132
Tel: (305) 961-9327
Email:Veronica.Harrell-James@usdoj.gov
*Counsel for United States of America*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing was served on January 27, 2022 electronically to:

JoAnn Nesta Burnett, Esq.
Becker & Poliakoff
1 East Broward Blvd., Ste. 1800
Ft. Lauderdale, FL  33301
Email: JBURNETT@Beckerlawyers.com
*Attorney for Plaintiff*

                                        /s/ *Chantel R. Doakes*
                                        Chantel R. Doakes