UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 22-80139-MC-CANNON/Reinhart

**UNITED STATES OF AMERICA**,

    Petitioner,
v.

**BOCA VIEW CONDOMINIUM ASSOCIATION, INC.,
DIANA KUKA, ROSE WATKINS,
POINTE MANAGEMENT GROUP, INC.**
and **ERIC ESTEBANEZ**,

    Respondents.
_____/

**ORDER ACCEPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION [ECF No. 9]**

**THIS CAUSE** comes before the Court upon the Magistrate Judge's Report and Recommendation on the United States' Petition to Enforce Subpoenas (the "Report") [ECF No. 9]. On January 27, 2022, the United States ("Petitioner") filed a Petition to Enforce Subpoenas as Issued by the United States Department of Housing and Urban Development (the "Petition") [ECF No. 1]. On February 25, 2022, following referral, Judge Reinhart issued a Report recommending that the Petition be granted [ECF No. 9 pp. 2, 12]. Petitioner filed a Notice of No Objection [ECF No. 10]. Respondents filed Objections to the Report [ECF No. 11]. The Court held a hearing on the Report and Respondents' Objections on April 20, 2022 [ECF No. 13]. Following the hearing, and pursuant to the Court's Order Following Hearing [ECF No. 14], the parties filed supplemental briefing in support of their positions regarding the Petition [ECF No. 15 (Petitioner's Supplemental Brief); ECF No. 16 (Respondents' Supplemental Brief)].

**LEGAL STANDARD**

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). A district court reviews de novo those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record. *Macort*, 208 F. App'x at 784. Legal conclusions are reviewed de novo, even in the absence of an objection. *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

**DISCUSSION**

The Court has conducted a de novo review of the Report [ECF No. 9], Respondents' Objections [ECF No. 11], Petitioner's Supplemental Brief [ECF No. 15], Respondents' Supplemental Brief [ECF No. 16], and the full record. Upon review of the foregoing materials, the Court agrees with the Report's recommendation to grant the Petition. The Court offers the following brief reasoning in light of the parties' positions as explored at the hearing and in the supplemental briefs.[1]

The United States Department of Housing and Urban Development ("HUD") is responsible for investigating complaints of housing discrimination in violation of the Fair Housing Act

---

[1] This Order otherwise assumes familiarity with the facts, procedural background, legal principles, and litigants' arguments as laid out in the Report [ECF No. 9 pp. 2–5].

("FHA"). *See* 42 U.S.C. §§ 3610, 3611; *see also* 24 C.F.R. § 103.200. To carry out this responsibility, 24 C.F.R. § 103.200 authorizes HUD to pursue the following investigative purposes:

> (1) To obtain information concerning the events or transactions that relate to the alleged discriminatory housing practice identified in the complaint.
>
> (2) To document policies or practices of the respondent involved in the alleged discriminatory housing practice raised in the complaint.
>
> (3) To develop factual data necessary for the General Counsel to make a determination under § 103.400 whether reasonable cause exists to believe that a discriminatory housing practice has occurred or is about to occur, and for the Assistant Secretary to make a determination under § 103.400 that no reasonable cause exists to believe that a discriminatory housing practice has occurred or is about to occur, and to take other actions provided under this part.

24 C.F.R. § 103.200(a)(1)–(3).

As relevant here, under the FHA, it is illegal "[t]o discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of— (A) that buyer or renter." 42 U.S.C. § 3604(f)(1). A person is considered "handicapped" within the meaning of the FHA if the person has "a physical or mental impairment which substantially limits one or more of such person's major life activities," *or*, as is critical here, is merely "regarded as" having a such an impairment. *Id.* § 3602(h)(3); *see* 24 C.F.R. § 100.201(d) (providing that a person is "regarded as" impaired even if he or she is not actually impaired, so long as the person is "treated by another person" as being impaired).

The contested question in this Petition is whether HUD has demonstrated that it issued the subject subpoenas in accordance with a legitimate purpose as delineated in 24 C.F.R. § 103.200(a) [ECF No. 1-13]. Petitioner identifies its legitimate purpose as investigating allegedly discriminatory housing practices raised by Complainant Greta Tremmel (condominium unit owner) against Respondents (condominium association and related individuals), arising out of

Respondents' allegedly discriminatory animus towards Tremmel's prospective tenant, Jennifer Piraino [ECF No. 15 p. 2; *see also* ECF No. 1 pp. 2–5]. Petitioner supports its legitimate purpose by arguing that (1) HUD has the authority to investigate complaints of fair housing discrimination, including discrimination towards a person who does "not have an impairment, but is treated by another person as having such an impairment" [ECF No. 15 p. 2 (citing 24 C.F.R. § 100.201(d))], and (2) Tremmel has statutory standing to raise a complaint concerning Respondents' allegedly discriminatory behavior toward her prospective potential tenant [ECF No. 15 pp. 2–4]. Respondents reply that HUD's investigation is not based on a legitimate purpose because HUD has not identified a handicapped individual under 42 U.S.C. § 3604(f) and thus lacks authority to investigate Tremmel's complaint [ECF No. 5 pp. 10–15; ECF No. 11 pp. 3–9].

Petitioner clarified at the Hearing, and further explained in its Supplemental Brief [ECF No. 15], that it seeks the subpoenas to investigate Respondents' allegedly discriminatory behavior towards Jennifer Piraino (tenant), and that Tremmel (Complainant) has statutory standing under § 804 of the Fair Housing Act, *see* 42 U.S.C § 3604, to file a complaint concerning Respondents' behavior [ECF No. 15 pp. 1–4]. Specifically, Petitioner states that

> Greta Tremmel [(the Complainant)] alleges that she was injured by Respondents' denial of an opportunity to lease her condominium unit at Boca View Condominium to Jennifer Piraino because they regarded Piraino as having an impairment. Therefore, sections 804(f)(1)(C) and 804(f)(2)(C) of the FHA includes Tremmel as a potential aggrieved person because Piraino, her prospective tenant, meets the "regarded as" disabled prong of the definition of "disability," as outlined in 42 U.S.C. § 3602(h)(3).

[ECF No. 15 p. 2].

Under the applicable law, the Court ultimately agrees that Petitioner has established a legitimate purpose in investigating Respondents' allegedly discriminatory behavior towards

Piraino, an individual alleged to have been "regarded as" impaired. This conclusion follows from two subsidiary points.

First, Piraino, an ICU nurse, is "regarded as" a handicapped person within the meaning of 42 U.S.C. § 3602(h)(3), because she was allegedly treated by Respondents in a discriminatory manner on account of her association with COVID-19 patients who have an impairment, COVID-19 [ECF No. 15 pp. 1–2; *see also* ECF No. 15 pp. 3–4 (collecting cases where people who are associated with a disabled individual brought a claim for disability discrimination due to their association with a disabled person)].[2] "Persons with COVID-19 and persons associated with persons with COVID-19 . . . including medical personnel, may be subjected to discrimination under the Fair Housing Act because they are regarded as having an impairment that substantially limits major life activity, even if they do not have one" [ECF No. 15 p. 2 (citing *Matarese v. Archstone Cmtys.*, 468 F. App'x 283, 284 (4th Cir. 2012))]. In this context, it is immaterial whether Piraino was in fact associated with individuals with COVID-19 in her role as a nurse, because as alleged, Respondents treated her as if she was impaired [*see* ECF No. 1 ¶ 15]. *See* 42 U.S.C. § 3602(h)(3) (explaining that a person is considered "handicap" if they do not necessarily have an impairment but are "regarded as having such an impairment"); 24 C.F.R. § 100.201(d) (explaining that an individual with an impairment includes an individual who has no impairment "but is treated by another person as having such an impairment"). Thus, Respondents' argument that Petitioner did not identify a person targeted with discrimination on account of disability fails; Piraino is the identified individual who suffered discrimination on account of Respondents treating and regarding her as an individual with an impairment.

---

[2] No party disputes that COVID-19 can constitute a "physical or mental impairment which substantially limits one or more of such person's major life activities." 42 U.S.C. § 3602(h)(1).

Second, the Complainant, here Greta Tremmel, does not have to be the individual targeted with discrimination to bring a complaint for a violation of the Fair Housing Act. Tremmel can file a complaint as a potentially "aggrieved person" under Sections 804(f)(1)(C) and 804(f)(2)(C) of Title VIII, 42 U.S.C. § 3604, because Tremmel's prospective tenant, Jennifer Piraino, is "regarded as" a disabled individual [ECF No. 15 p. 2 (citing § 3602(h)(3))]. *See, e.g., Gladstone Realtors v. Bellwood*, 441 U.S. 91, 104 n.9 (1979) (stating that, "as long as the plaintiff suffers actual injury as a result of the defendant's conduct, he is permitted to prove that the rights of another were infringed" under Section 804 of the FHA). Here, Tremmel claims that she suffered injury by not being allowed to rent her condo unit to Piraino on account of discriminatory animus by Respondents toward Piraino [ECF No. 1 ¶¶ 13, 15; ECF No. 15 p. 2]. Therefore, there is a basis on this record to support HUD's legitimate investigation of Tremmel's claim, where Tremmel claims to have been "genuinely injured by conduct that violates *someone's* § 804 rights." *Id.* (emphasis in original).

The United States' Petition to Enforce Subpoenas [ECF No. 1] is therefore **GRANTED** for the reasons set forth in the Report [ECF No. 9 pp. 5–12] as supplemented by this Order.[3]

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 9] is **ACCEPTED**.

2. The United States' Petition to Enforce Subpoenas [ECF No. 1] is **GRANTED**.

---

[3] The Court has considered Respondents' overbreadth-related arguments in opposition to the subpoenas [ECF No. 11 pp. 11–23] and finds them to be without merit.

CASE NO. 22-80139-MC-CANNON/Reinhart

3. Respondents are hereby **ORDERED** to produce to the Government the documents and completed responses to the information requested in the subpoenas [ECF No. 1-13] on or before **April 6, 2023**.

    a. Each Respondent either shall (1) produce the documents if they are in its possession, custody, or control; (2) serve a written response to the subpoena stating that, after reasonable inquiry, no responsive documents exist, *see* Fed. R. Civ. P. 34(b)(2); or (3) serve a written response to the subpoena stating that, after a reasonable inquiry, the Respondent has determined that responsive documents exist but those documents are not within its care, custody, or control.

    b. Respondents do not need to duplicate identical responses.

    c. On or before **April 6, 2023**, Respondents shall file a notice of compliance certifying that they have complied with this Order.

4. Any sensitive financial information or Social Security Numbers should be disclosed subject to a protective order and agreement of the parties [*see* ECF No. 1 p. 10; ECF No. 7 p. 7].

5. The Court's Order staying the production of all documents and responses at issue in this case [ECF No. 12] is hereby **LIFTED**.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 16th day of March 2023.

AILEEN M. CANNON
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record