UNITED STATED DISTRICT COURTY
SOUTHERN DISTRICT OF FLORIDA
**CASE NO. 9:22-mc-80139-AMC**

UNITED STATES OF AMERICA,

        Claimant,

vs.

BOCA VIEW CONDOMINIUM
ASSOCIATION, INC., et. al.,

        Respondents.

_____/

## MOTION FOR RECONSIDERATION

Respondent, BOCA VIEW CONDOMINIUM ASSOCIATION, INC., ("Association"), DIANA KUKA ("President"), ROSE WATKINS, ("Administrator"), POINT MANAGEMENT GROUP, INC., ("Pointe Management") and ERIC ESTEBANEZ ("Manager") (hereinafter collectively "Respondents"), by and through undersigned counsel, move this court for reconsideration of the Court's Order of March 16, 2023, and in support state as follows:

### Motion for Reconsideration

1.    This court on March 16, 2023, entered an Order Accepting Magistrate Judge's Report and Recommendation.[ECF 19].

2.    This Court has inherent authority and discretion to reconsider non-final Orders of this nature. *McGuire v.* Murphy, 285 F. Supp. 3d 1272 (M.D. Ala. 2018); *Sussman v. Salem, Saxon & Nelson, P.A.,* 153 F.R.D. 689 (M.D. Fla. 1994): *Monroe Country Employees Retirement System v. Southern Company*, 333 F. Supp. 3d 1315 (N.D. Ga. 2018); *Bender v. Tropic Star Seafood, Inc.*, 2008 WL 2824450 (N.D. Fla. 2008).

3. The Court, in Footnote 2, stated that, "No party disputes that COVID-19 can constitute a 'physical or mental impairment which substantially limits one or more of such person's major life activities.'" This footnote, respectfully, misapprehends the Respondents' arguments, which clearly challenged that there was any disabled person or persons asserted in this case.[ECF 11]

4. Because the definitions of a "disability" under the Americans with Disabilities Act ("ADA") and the Fair Housing Act ("FHA"), courts have applied the same standards to each in terms of Covid. *Compare,* 42 U.S.C. §12102(1) *and* 42 U.S.C. §3602(h). If a complainant fails to preliminarily allege a specific Handicap in the form of "a physical or mental impairment that [*substantially limits*](#) one or more of such person's *major life activities*" or another s/he may be associated with, then, how can said complainant allege "being *regarded as* having such an impairment"?

5. Furthermore, courts who have looked at this issue have often held that mere Covid-19 did not meet the test of a disability or handicap under Federal law. *See* body of various recent Federal decisions, some also entered **after** the hearing held before this Honorable Court on April 20, 2022 [ECFs 12-14] and subsequent briefs filed by the Parties on April 27, 2022 and May 2, 2022 [ECFs 15-17]*, e.g., Rice v. Guardian Asset Management,* 2022 WL 1763816 (11th Cir. June 1, 2022) (affirming dismissal of ADA complaint for employee who asserted she was *regarded* as disabled due to Covid-19 exposure and was denied accommodation of working from home); *McKnight v. Renasant Bank*, 2022 WL 1342649 (N.D. Miss. May 2, 2022)(holding that employee who contracted Covid-19 and was hospitalized for 5 days did not allege a disability under the ADA); *Griffin-Thomas v. La Rabida Children's Hospital,* 2022 WL 103705 (N.D. Ill. 2022)(dismissal of claim under ADA where employee failed to allege what accommodation for

her Covid-19 symptoms would be reasonable); *Alvarado v. Valcap Group, LLC*, 2022 WL 19686 (N.D. Tex. 2022)(because plaintiff did not allege that Covid-19 exposure was not transitory and minor ADA claim was dismissed).

6. In *Champion v. Mannington Mills, Inc.,* 538 F.Supp.3d 1344 (M.D. Ga. 2021), an employee alleged an ADA discrimination complaint because she was terminated after she had been in contact with her brother, who had Covid-19, but continued to come to work and did not disclose the exposure. *Id.* at 1345-46. The court began its analysis by stating that Covid-19, by itself, was not a disability as a matter of law. *Id.* at 1348. The court noted that the plaintiff had failed to plead how Covid-19 substantially limited any of her brother's life activities, and that missing several days of work did not raise Covid-19 to the level of a disability. *Id.* at 1349-50. Thus, the court dismissed the complaint. *Id.* at 1350. The Court reasoned that the employee could not maintain "regarded as" claim against employer that sent her home due to COVID-19 because that "would mean that every person in the United States who was . . . sent home upon feeling sick during th[e] pandemic . . . would be disabled for purposes of the ADA". Here too, the prospective tenant nurse may create a precedent according to which any nurse, health care professional, or even any other person in the United States who comes in contact at his/her workplace with someone feeling sick during the COVID-19 pandemic would also be disabled for purposes of the FHA.

7. Likewise, in *Toney v. Alabama A&M University*, 2023 WL 1973203 (N.D. Ala. February 13, 2023), a university employee alleged "that the University fired her "because it **perceived her** as being permanently impaired by or afflicted with COVID-19." (Doc. 32 at 21)."(emphasis added)  The court, in granting the motion to dismiss, found that because the plaintiff had only suffered Covid symptoms for 3 weeks, Covid was "minor and transitory" and could not be considered a disability.

8. Here, the Petitioner, in the Petition (DE 1) does not allege any of the relevant elements to establish that Covid-19 in this case would meet the statutory definition of a handicap under the FHA. Further, there is nothing in the allegation of the Petition that would show how the particular individuals to whom the prospective tenant nurse, Piraino, was allegedly exposed suffered Covid-19 symptoms in a way that was not minor and transitory. Therefore, the Respondent has failed to show a legitimate purpose for the instant subpoenas.

9. As such, the Court should deny the petition to enforce the subpoenas.

WHEREFORE, Respondents respectfully request that this Court grant reconsideration of the Court's March 16, 2023, Order [DE 19] and grant any other relief this Court deems just and proper.

Dated May 5, 2023

Respectfully submitted,

/s/ *John R. Sheppard, Jr.*
John R. Sheppard, Jr.
Fla. Bar No. 867152
Email: jsheppard@fowler-white.com
Andrew G. Tuttle
Fla. Bar No. 118467
Email: atuttle@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Northbridge Centre
515 North Flagler Drive, Suite 2100
West Palm Beach, Florida 33401
Telephone:   (561) 802-9044
Facsimile:    (561) 802-9976

Case No. 22:mc-80139 AMC

## CERTIFICATE OF CONFERRAL CONFERENCE

Pursuant to Local Rule 7.1(a)(3), counsel for Respondents attempted to confer with Claimant's counsel (Veronica Vanessa Harrell-James, Esq.) by email on May 5, 2023, at 12:59 p.m. but was unable to confer with that attorney.        .

*/s/ John R. Sheppard*
John R. Sheppard

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of May, 2023, I electronically filed the foregoing Motion to Withdraw as Counsel with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document and the notice of electronic filing is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically, Notices of Electronic Filing.

*/s/ John R. Sheppard*
John R. Sheppard
Fla. Bar No. 867152

## SERVICE LIST

Chantel Doakes Shelton, Esq., chantel.doakes@usdoj.gov; francys.marcenaros@usdoj.gov

Veronica Vanessa Harrell-James, Esq., veronica.harrell-james@usdoj.gov
caseview.ecf@usdoj.gov; njeri.mwangi@usdoj.gov; usafla-hqdkt@usdoj.gov