UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  22-mc-80139-AMC

UNITED STATES OF AMERICA,

      Petitioner,

v.

BOCA VIEW CONDOMINIUM ASSOCIATION, INC.,
DIANA KUKA, PRESIDENT,
ROSE WATKINS, ADMINISTRATOR,
POINTE MANAGEMENT GROUP, INC., and
ERIC ESTEBANEZ, PROPERTY MANAGER

      Respondents.

_____/

**UNITED STATES' RESPONSE TO REPONDENTS' MOTION FOR
RECONSIDERATION OF THE COURT'S ORDER ACCEPTING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION [ECF No. 9]**

The Court has already conducted a de novo review of the full record in this matter and, following a hearing and supplemental briefing, issued its "Order Accepting Magistrate Judge's Report And Recommendation."  Having determined that the United States Department of Housing and Urban Development ("HUD") established a legitimate purpose for its investigation of Complainant Greta Tremmel's Fair Housing Act complaint, the Court ordered Respondents to comply with HUD's subpoenas by May 5, 2023.[1]

Respondents now seek "reconsideration" of that decision. Respondents' Motion For Reconsideration, ECF 27, para. 2.  However, Respondents have not demonstrated that they meet the heavy burden necessary to justify reconsideration, and accordingly the United States respectfully requests that this Court deny it.

_____

[1] The initial date for compliance with the subpoenas, April 6, 2023, was extended by court order to April 21, 2023, and again to May 5, 2023.

I.      *Respondents' Motion for Reconsideration Lacks Justification and Should be Denied*

A court should reconsider its judgment only in extraordinary circumstances, when the moving party has "demonstrate[d] why the court should reverse its prior decision by setting forth facts or law of a strongly convincing nature." *Michael Linet, Inc., v. Vill. of Wellington, Fla*., 408 F.3d 757, 763 (11th Cir. 2005); *In re Transbrasil S.A. Linhas Aereas,* No. 19-23700-CIV, 2020 WL 10458630, at *2 (S.D. Fla. May 21, 2020).   Moreover, the movant can rely on only three circumstances: "1) newly discovered evidence; (2) an intervening development or change in controlling law; or 3) a need to correct clear error of law or fact." *Bd. of Tr. of Bay Med. Ctr. v. Humana Mil. Healthcare Services, Inc*., 447 F. 3d 1370, 1377 (11th Cir. 2006) (internal citations omitted).[2]  While the decision to alter or amend a judgment is left "to the sound discretion of the district judge," *Mincey v. Head*, 206 F.3d 1106, 1137 (11th Cir. 2000), a motion to reconsider is not a vehicle for allowing a litigant "two bites at the apple." *American Home Assur. Co. v. Glenn Estess & Ass'n., Inc.*, 763 F. 2d 1237, 1239 (11th Cir. 1985).  The limited purpose of such motions precludes a party from relitigating old matters, raising arguments, or presenting evidence that could have been previously raised. *Stabb v. GMAC Mortg., LLC*, 479 F. App'x 706, 709-10 (11th Cir. 2014).

1.     *Respondents Have Not Met Any Standard Necessary to Merit Reconsideration*

Respondents do not invoke even one of the three circumstances required to merit reconsideration.  Instead, they argue that the Court must have "misapprehend[ed]" their original

---

[2] When determining whether to grant a motion for reconsideration, courts evaluate both non-final and final orders by the same standards.  *See Centennial Bank v. ServisFirst Bank Inc.,* No. 8:16-CV-88-T-36JSS, 2019 WL 10375478, at *2 (M.D. Fla. Mar. 26, 2019)

argument when the Court wrote in a footnote that "[n]o party disputes that COVID-19 can constitute" a disability.  ECF 27, para. 3.

There is no indication that Respondents did, in fact, dispute the Court's assertion.[3] Regardless of Respondents' assertion now, it does not change the Court's decision, because the footnote's conclusion about COVID-19 was correct.  Respondents base their argument on several cases holding that COVID-19 is not a disability under the ADA. *See* ECF 27, paras. 5-7.  The problem with their cases is that none of them hold that COVID-19 can never be a disability. Rather, their cases merely hold that given the particular facts in those cases, COVID-19 was not a disability under the ADA, or the allegations failed for other reasons.[4]

Not surprisingly, Respondents fail to cite any cases holding that COVID-19 can be a disability under the ADA.  In fact, there are a number.  *See, e.g.*, *Guerrero v. Summit Aerospace, Inc.*, 2022 WL 579499, at *4 (S.D. Fla. Feb. 25, 2022) (holding that plaintiff who was terminated for being perceived to be actively infected with COVID-19 had sufficiently alleged a disability under the ADA); *Fortun v. iAero Thrust LLC.*, No. 21-CV-23348, 2022 WL 446209, at *5 (S.D. Fla. Feb. 14, 2022) (refusing to dismiss case where plaintiff alleged COVID-19 symptoms of sore throat and fever and holding that under the ADA, plaintiff need not allege that his impairment limited a major life activity to show that he was "regarded as having such an impairment");

[3] Notably, Respondents do not say where in their initial pleadings they argued that COVID-19 can be a disability. Instead, contrary to the purpose of a motion for reconsideration, they relitigate their initial claim that HUD failed to show that the Complainant or her prospective tenant had a disability, were perceived as having a disability, or were associated with persons with a disability. *See* Motion For Reconsideration, ECF 27, para. 8; Memorandum Of Law In Support Of Respondents' Objections To The Report And Recommendation On The United States' Petition To Enforce Subpoenas Issued By The United States Department Of Housing And Urban Development [ECF No. 1], ECF 16, p. 5.

[4] For example, *McKnight v. Renasant Bank*, No. 1:21-CV-00139, 2022 WL 1342649, at *5, *6 (N.D. Miss. May 3, 2022) (plaintiff did not allege sufficient facts to show a disability due to the five day period of COVID illness); *Griffin-Thomas v. LaRabida Children's Hospital*, No. 21-CV-02033, 2022 WL 103705, at *4 (N.D. Ill, Jan. 11, 2022) (plaintiff failed to allege sufficient facts where she sought a reasonable accommodation for COVID-related work absence); *Rice v. Guardian Asset Management, Inc.*, No.21-13188, 2022 WL 1763816, at *2 (11th Cir. Jun. 1, 2022) (Plaintiff failed to state a claim under the ADA's refusal to accommodate provision because reasonable accommodations need not be provided to a person who is solely "regarded as" having a disability).

*Stephens v. Adler Soc., LLC*, No. 20-62242-CIV, 2021 WL 5084236, at *5 (S.D. Fla. Mar. 12, 2021) (holding that dismissal of a complaint on the basis that COVID-19 may be "transitory and minor" is "only appropriate where it is apparent from the face of the complaint that the perceived impairment was both transitory and minor"); *Matias v. Terrapin House, Inc*., No. 5:21-CV-02288, 2021 WL 4206759, at *5 (E.D. Pa. Sept. 16, 2021) (finding that COVID-19 is not "minor" as defined by the ADA and that a plaintiff who was terminated on the same day she disclosed a positive COVID-19 test result sufficiently alleged discrimination of the basis of disability).

Accordingly, Respondents' arguments about the severity of COVID-19 are incorrect and do not warrant this Court's reconsideration.

### 2. *No Intervening Development or Change in Law*

In addition, Respondents appear to argue that this Court should reconsider its Order based on some decisions issued after the April 20, 2022 hearing and April 27 and May 2, 2022 briefings in this case. Yet, none of the cases change the analysis regarding disability. *See, e.g., Guerrero v. Summit Aerospace, Inc*., No. 21-CV-24006, 2022 WL 579499, at *4 (S.D. Fla. Feb. 25, 2022) (reaffirming that under *Andrews v. City of Hartford*, 700 F. App'x 924, 926 (11th Cir. 2017) a plaintiff is "regarded as having such an impairment" if that plaintiff is subjected to an action prohibited by the ADA because of an actual or perceived physical impairment, "whether or not the impairment limits or is perceived to limit a major life activity"). Thus, Respondents' implicit argument that there has been an intervening development or change in the law that warrants reconsideration of the Court's Order fails.

Accordingly, this Court should not reconsider its Order.

II.     *Respondents Violated the Court's March 16, 2023 Order*

Not only have Respondents failed to meet their burden for reconsideration, they have also violated the March 16, 2023 court order.  Respondents failed to produce the documents and responses to HUD's subpoenas by the due date, May 5, 2023, nor did they file a third request for an extension of time.

Respondents previously requested and received two extensions of time to comply with this Court's March 16, 2023 Order.  *See* April 6, 2023 Order Granting Amended Motion To Withdraw As Counsel And Request For Extension Of Time, ECF 23, and April 24, 2023 Paperless Order Granting Motion For Extension Of Time, ECF 25.  Based on those extensions, Respondents were required to produce documents and responses to HUD's subpoenas by May 5, 2023.  Moreover, Respondents filed each request for an extension of time at the last minute - on the day the Court ordered production to be made – and with no indication in the motions for extension that the time would be used for purposes other than compliance with the Order.  Respondents requested the extension "for good cause … so that it may have adequate time … to coordinate compliance of this Court's Order… ." ECF 24, para 3.  Respondents add that "[t]his motion is not filed for dilatory purposes." *Id*., para 4.  The facts suggest otherwise, and Respondents have failed to demonstrate good cause to justify any further delay in compliance with the Courts' Order.  Instead, they chose to relitigate matters that were already decided by this Court, namely that HUD has a legitimate purpose for seeking the requested information under its authority to investigate complaints of housing discrimination in violation of the Fair Housing Act. 42 U.S.C. § 3610; 24 C.F.R. § 103.200.

**CONCLUSION**

For the reasons stated above, the Court should deny Respondents' Motion for

Reconsideration, require immediate compliance with the Court's March 16, 2023 Order and order any other relief the Court deems just and proper.

Dated:  May 15, 2023

Respectfully submitted,

**MARKENZY LAPOINTE**
**UNITED STATES ATTORNEY**

By:     /s/ Chantel Doakes Shelton
        CHANTEL DOAKES SHELTON
        Assistant United States Attorney
        Florida Bar No: 0118626
        United States Attorney's Office
        99 N.E. 4th Street, Suite 300
        Miami, Florida 33132
        Tel. No: (305) 961-9353
        E-mail: Chantel.DoakesShelton@usdoj.gov

By:     /s/ Veronica Harrell-James
        VERONICA HARRELL-JAMES
        Assistant United States Attorney
        Florida Bar No. 644791
        United States Attorney's Office
        99 N.E. 4th Street, Suite 300
        Miami, Florida  33132
        Tel:  (305) 961-9327
        Email:Veronica.Harrell-James@usdoj.gov

6

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing United States'

Response to the Respondents' Motion for Reconsideration of the Courts' Order Accepting

Magistrate Judge's Report and Recommendation [ECF no. 9] was served on May 15, 2023

electronically to:


FOWLER WHITE BURNETT, P.A.
Attorneys for Respondents
515 North Flagler Dr. Suite 2100
West Palm Beach, Florida, 33401
Telephone: 561-802-9044
Fax: 561-802-9976
Jsheppard@fowler-white.com
atuttle@fowler-white.com


/s/ <u>Chantel Doakes Shelton</u>
    Chantel Doakes Shelton
    Assistant United States Attorney