UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-MC-80139-AMC/BER

UNITED STATES OF AMERICA,

        Plaintiff,

v.

BOCA VIEW CONDOMINIUM ASSOCIATION, INC., ET AL.,

        Defendants.
_____

**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ENTRY OF A PROTECTIVE ORDER (ECF No. 28)**

The parties in this matter agree that the entry a protective order is necessary to govern the production of confidential information, however they do not agree on the proposed terms. Pursuant to the Court's order (ECF No. 33), the parties submitted competing proposed orders. ECF Nos, 34, 35. The Court hereby finds good cause to adopt the proposed order submitted by Plaintiff (ECF No. 34-1), but with revisions to Paragraph 14.

The Parties are cautioned that the mere designation as "Confidential" by a party will not influence the Court's decision to seal a court filing on a subsequent motion. If either party later seeks approval to submit a document under seal, such party should support a motion to file under seal with the specific reasons that justify such relief. Pursuant to the Local Rules of the Southern District of Florida, "[u]nless otherwise provided by law, Court rule, or Court order, proceedings in the United States District Court are public and Court filings are matters of public record." S.D.

Fla. L. R. 5.4(a). The general public possesses a common-law right to access judicial records, and judicial records are presumed to be public documents. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *see also Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001).

"The common law right of access may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (quoting *Chicago Tribune*, 263 F.3d at 1309). When conducting this balancing test, "courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Id.* (citing *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987)).

In seeking to file something under seal with the Court, the Parties shall bear in mind these standards and comply with Local Rule 5.4. Specifically, the Parties must provide the Court with more than just the existence of an agreement between them. The Stipulated Protective Order binds the Parties, not the Court, and good cause must still be shown before a filing is sealed.

The Parties are reminded that the confidential designation should be applied as narrowly as possible and used only where it is genuinely needed. The Parties shall

2

refrain from the excessive and overbroad use of the confidential designation. Rather than designating an entire document confidential, the Parties are encouraged to use alternative means, such as redaction, in handling sensitive information.

Finally, the Court declines to adopt Paragraph 14 of the Stipulated Protective Order to the extent it which requires the Parties to file certain documents under seal. To the extent the Parties seek to file any documents under seal, the Parties shall comply with the requirements of Local Rule 5.4.

Consistent with the foregoing, it is hereby **ORDERED** that the motion for a Protective Order (ECF No. 28) is **GRANTED in part and DENIED in part**. The terms and provisions of Plaintiff's proposed confidentiality agreement (ECF No. 34-1) are adopted and incorporated in their entirety subject to the additional provisos set forth in this Order.

**DONE AND ORDERED** in Chambers at West Palm Beach in the Southern District of Florida, this 19th day of May, 2023.

_____
BRUCE E. REINHART
United States Magistrate Judge