UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 22-mc-80139-AMC

UNITED STATES OF AMERICA,

    Petitioner,

v.

BOCA VIEW CONDOMINIUM ASSOCIATION, INC.,
DIANA KUKA, PRESIDENT,
ROSE WATKINS, ADMINISTRATOR,
POINTE MANAGEMENT GROUP, INC., and
ERIC ESTEBANEZ, PROPERTY MANAGER

    Respondents.
_____/

**PETITIONER'S RESPONSE IN OPPOSITION TO RESPONDENTS' OBJECTIONS/APPEAL OF MAGISTRATE'S ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ENTRY OF A PROTECTIVE ORDER [ECF No. 36]**

Petitioner, United States of America, by and through undersigned counsel, hereby files its response in opposition to Respondents' Objections/Appeal of Magistrate's Order Granting in Part and Denying in Part Motion for Entry of a Protective Order [ECF No. 36], and in support thereof states as follows:

**Background**

1. On March 16, 2023, this Court issued an Order accepting Judge Reinhart's Report and Recommendation granting Petitioner's Petition to Enforce HUD's Subpoenas. [ECF No. 19]. Accordingly, this Court ordered that "[a]ny sensitive financial information or Social Security Numbers should be disclosed subject to a protective order and agreement of the parties." [*see* ECF No. 1 p. 10; ECF No. 7 p. 7]."

2. Thereafter, Respondents filed a motion for the Court to reconsider its March 16, 2023

Order [ECF No. 27], and also filed a separate motion for a protective order.

3. On May 15, 2023, this Court entered a paperless Order denying Respondents' motion to reconsider and further indicated therein that "[n]o further extensions of this deadline [May 23, 2023] shall be granted." [ECF No. 31].

4. Following the May 15th Order, the Court referred Respondents' motion for a protective order to Magistrate Judge Reinhart for disposition [ECF No. 32]. Thereafter, the Magistrate Judge ordered the parties to submit proposed protective orders. [ECF No. 33].

5. Petitioner indicated in its proposed protective order that the requested documents be produced to HUD unredacted. [ECF No. 34-1, p. 2].

6. Respondents proposed protective order, among other things, provided for the redaction of personal identifying information ("PII") and financial information from the responsive documents being turned over to HUD. In addition, Respondents protective order provided for the withholding of documents related to sales because that information is publicly available, and that no lease contracts, credit scores, or criminal background information be subject to production. [ECF No. 35-1].

7. On May 19, 2023, Judge Reinhart entered an Order granting in part and denying in part Petitioner's proposed protective order[1]. [ECF No. 36].

8. On May 30, 2023, Respondents filed Objections to Judge Reinhart's May 19, 2023 Order [ECF No. 40]. Respondents ask this Court to modify the May 19th Order and provide for the redaction of PII and financial information within the records pursuant to Fla. Stat. §718.111(12)(c)(3), which Respondents argue prohibits them from disclosing such sensitive information. [ECF No. 40, p. 3-4].

---

[1] Judge Reinhart declined to adopt paragraph 14 of Petitioner's protective order relating to the filing of certain documents under seal.

9. As set forth below, Respondents' Objections to Judge Reinhart's May 19th Order are without merit and should be overruled.

**MEMORANDUM OF LAW**

Respondents' objections, to the Magistrate Judge's Order regarding the protective orders submitted by the parties, are based upon a misapplication of Fla. Stat. §718.111(12)(c)3. Section 718.111(12)(c)3, Fla. Stat. provides, in part, that certain records are not accessible to **unit owners**, including:

   a. Any record protected by the lawyer-client privilege … and any record protected by the work-product privilege…
   b. Information obtained by an association in connection with the approval of the lease, sale, or other transfer of a unit.
   c. Personnel records of association or management company employees…
   d. Medical records of unit owners.
   e. Social security numbers, driver license numbers, credit card numbers…, e-mail addresses, telephone numbers…emergency contact information, addresses of a unit owner…and other personal identifying information of any person, excluding the person's name…"

(Emphasis added).

Contrary to Respondents' assertions, and as this Court has already concluded, the plain language of Fla. Stat. §718.111(12)(c)3 prohibiting access to such information applies only to "unit owners," which does not include the United States Department of Housing and Urban Development ("HUD"). [ECF No. 9, p.10.]. The Court held that "HUD is not a "unit owner" to which Fla. Stat. § 718.111(12)(c)3 applies and does not prohibit HUD from exercising its authority to investigate a complaint [of] discriminatory housing practices." [ECF No. 9, p.10].

Furthermore, Respondents maintain that all rental and sales applications and documents relating to those applications should be withheld from disclosure as the documents are irrelevant to HUD's investigation of the complaint. To the contrary, as this Court has previously found, the

requested information is relevant and necessary to HUD's investigation of the allegations set forth in the complaint as well as the defenses asserted by the Respondents. *Id.*

As more fully discussed in Petitioner's petition [D.E. 1], HUD issued the subpoenas in an effort to investigate a complaint alleging discrimination under the Fair Housing Act. The complainant alleged in her complaint that Respondents refused to approve her request to lease her condominium on April 24, 2020, because they perceived that the incoming tenant would have a disability (COVID-19) or be associated with persons with a disability (COVID-19). When HUD notified Respondents of the complaint, Respondents denied engaging in discriminatory conduct and asserted to HUD that it had refused to allow anyone to lease or sell a unit during the relevant time period because of the COVID-19 emergency.

To investigate the discriminatory acts alleged in this case, HUD issued the subpoenas to Respondents seeking, Board minutes (to assess what actions and deliberations the Board did, or did not, take or consider), documents relating to the rental and sales applications (to locate and interview potential witnesses concerning the alleged discriminatory housing practice) leases and sales that were submitted to the Board during the general time period specified in the subpoenas (to assess if the Board treated other applicants equally). The Respondents' disclosure of the requested information in its **unredacted** form would allow HUD to complete a thorough investigation of the complaint and to determine whether reasonable cause exists (or not) to believe Respondents violated the Fair Housing Act. However, although Respondents had more than adequate time to comply with the Court's Order to produce the documents to HUD by May 23, 2023, Respondents failed to do so. In fact, counsel for Respondents ignored multiple calls and attempts by the undersigned AUSAs to contact him, to ascertain when, if at all, HUD could reasonably expect to receive the documents. At a minimum, Respondents' counsel should have

afforded the undersigned AUSAs the professional courtesy of a clear and honest response, especially given the fact that for nearly two years HUD has been waiting to receive the subject documents in order to complete its investigation.

Respondents' repetitive and unfounded objections to producing the responsive documents, and disregard of the Court's Order has unnecessarily delayed HUD's efforts to carry out its administrative duties and responsibilities to complete its investigation of the subject complaint in a timely manner, as required by the governing federal regulations.  As a result, the continual prolonging of this matter has jeopardized HUD's efforts to identify, locate, and interview critical witnesses, and to obtain other relevant evidence concerning the underlying complaint.

Respondents' production of substantially redacted documents on June 1, 2023, nine days after the Court's deadline, was a willful and complete disregard of the Court's earlier Order that "[a]ny sensitive financial information or Social Security Numbers should be disclosed subject to a protective order." [ECF No. 19, p.7].  Respondents' production included the redaction of nearly the entire page of a number of documents, which in essence has rendered the production useless for purposes of HUD's investigation.  Also, based upon a review of the documents, it appears that Respondents withheld other documents requested by the subpoenas.

Moreover, counsel's Certificate of Conferral Conference, pursuant to Local Rule 7.1(a)(3) is false, as it pertains to any claimed conferral prior to filing Respondents' Objections/Appeal on May 30, 2023 – over 25 days later.  In fact, on May 5, 2023, when counsel claims to have conferred with AUSA Veronica Harrell-James, Magistrate Judge Reinhart's Order on the Protective Orders [ECF No. 36] had not yet been issued.  Instead, the subject Order was not issued until May 19, 2023.

In conclusion, Petitioner submits that Magistrate Judge Reinhart's May 19th Order [D.E. 36] adequately protects any confidentiality concerns associated with Respondents' disclosure to HUD of the requested documents in its unredacted form.  Thus, Petitioner respectfully requests that Respondents' Objections to Judge Reinhart's May 19th Order be denied.

Dated:  June 2, 2023

                                                      Respectfully submitted,

                                                     **MARKENZY LAPOINTE**
                                                     **UNITED STATES ATTORNEY**

By:    /s/ *Chantel Doakes Shelton*
          CHANTEL DOAKES SHELTON
          Assistant United States Attorney
          Florida Bar No: 0118626
          United States Attorney's Office
          99 N.E. 4th Street, Suite 300
          Miami, Florida 33132
          Tel. No: (305) 961-9353
          E-mail: Chantel.DoakesShelton@usdoj.gov

By:    /s/ *Veronica Harrell-James*
          VERONICA HARRELL-JAMES
          Assistant United States Attorney
          Florida Bar No. 644791
          United States Attorney's Office
          99 N.E. 4th Street, Suite 300
          Miami, Florida  33132
          Tel:  (305) 961-9327
          Email: Veronica.Harrell-James@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing document was electronically served on June 2, 2023 to the following:

John R. Sheppard, Jr.
FOWLER WHITE BURNETT, P.A.
Attorney for Respondents
515 North Flagler Dr. Suite 2100
West Palm Beach, Florida, 33401
Telephone: 561-802-9044
Fax: 561-802-9976
Jsheppard@fowler-white.com

                                                /s/ Veronica Harrell-James
                                                Veronica Harrell-James
                                                Assistant United States Attorney